UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 04-cr-40021-JES-JEH |
| LEROY GLEN THRELKELD, JR., | ) ) ) | |
| Defendant. | ) | |

# ORDER AND OPINION

Now before the Court is Defendant Threlkeld's Motion to Terminate Supervised Release [56] pursuant to 18 U.S.C. § 3583(e)(1). For the reasons set forth below, the Motion to Terminate Supervised Release [56] is DENIED.

## BACKGROUND

In 2004, Defendant pleaded guilty to the possession of child pornography. The government dismissed a charge of sexual exploitation of a child and agreed to recommend a 63-month prison sentence, which was below the range prescribed by the United States Sentencing Guidelines. In 2005, the Court sentenced Defendant to 63 months in prison and supervised release for life. Defendant was released from prison in 2008 and has now served almost 10 years in compliance with his conditions of supervised release. Doc. 54, ¶¶ 1–3. In his plea agreement, Defendant agreed to waive his rights to appeal or collaterally attack his sentence. Doc. 39, ¶¶ 9–10. He brings this motion under 18 U.S.C. § 3583(e)(1), which authorizes courts to terminate supervised release after at least one year has been completed, if the court believes such an action is warranted. Doc. 54, ¶ 4. Such an action is not warranted here. There has been no change in Defendant's circumstances since the time of his sentencing, and Defendant has received the benefit of his plea agreement. This order follows.

## LEGAL STANDARD

When considering a motion for early termination of supervised release, courts must consider certain factors set out in 18 U.S.C. § 3553(a), as well as whether the defendant's conduct and the interests of justice warrant the early termination. 18 U.S.C. § 3583(e)(1); see also *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011). The § 3553(a) factors that the Court must consider under § 3583(e)(1) are:

> 1. the nature and circumstances of the offense and the history and characteristics of the defendant;
> 2. the need for the sentence imposed—
>    - B. to afford adequate deterrence to criminal conduct;
>    - C. to protect the public from further crimes of the defendant; and
>    - D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> 4. the kinds of sentence and the sentencing range established for—
>    - A. the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines— …
> 5. any pertinent policy statement— …
> 6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> 7. the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Courts need not exhaustively discuss every § 3553(a) factor, but must demonstrate that it considered them, in order to facilitate meaningful review. *Lowe*, 632 F.3d at 998. Courts are not required to grant early termination at the conclusion of those considerations, but rather *may* do so at their discretion. See *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006) ("[T]he district court has wide discretion in determining whether to terminate an individual's term of supervised release.")

## DISCUSSION

Defendant's conduct and the interests of justice do not warrant an early termination of his supervised release. He was convicted of possession of child pornography, a very serious offense, and his Presentence Report noted evidence of several sexual assaults Defendant committed against minors, including a Department of Children and Family Services finding from 2000 of his sexual molestation and sexual penetration of a 3-year-old victim. Doc. 53, ¶ 50. A probation officer indicated that Defendant admitted to committing "hands on" sexual offenses against at least thirty individuals. Doc. 57, Exh. A, ¶ 4. The nature of the offense and the history and characteristics of Defendant weigh heavily against early termination of his supervised release. Although Defendant has complied with the conditions of release and completed certain rehabilitation programs, these facts do not outweigh the gravity of Defendant's conduct and the need to protect the public from future crimes by Defendant.

The interests of justice also require denial of the request to terminate supervised release. Defendant reached a plea agreement with the government that resulted in a dropped charge, a below-Guidelines prison sentence, and a lifetime term of supervised release. Simply put, Defendant received the benefit of his bargain. Rule 11(c)(1)(c) plea agreements require the parties to have negotiated terms both deemed acceptable at the time. Often that entails a give-and-take on both sides. Successful compliance for 10 years does not create a change in circumstance for the Court to render the benefit of the bargain meaningless.

Thus, after considering the relevant § 3553(a) factors and § 3583(e), the Court is not satisfied that termination or modification of Defendant's supervised release is warranted.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Terminate Supervised Release [56] is DENIED.

Signed on this 28th day of September, 2018.

/s James E. Shadid  
James E. Shadid  
Chief United States District Judge